UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON D. KYLES,<br><br>Plaintiff,<br><br>v.<br><br>TROY HERSHBERGER AND TRINTY FOOD SERVISE,<br><br>Defendants. | CAUSE NO. 1:26-CV-244-JD-SJF |

OPINION AND ORDER

Brandon D. Kyles, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kyles is Jewish and requires a kosher diet. "The laws of kosher address a comprehensive dietary system—including not only the types of foods that may be eaten, but also the preparation requirements, which ensure kosher ingredients are not 'contaminated' by non-kosher ingredients. . . . [A]s such, kosher food must be carefully supervised through the phases of production." *Willis v. Comm'r, Indiana Dep't of*

*Correction*, 753 F. Supp. 2d 768, 771 (S.D. Ind. 2010). While incarcerated at the Allen County Jail, Kyles received his meals on a tray that had not been handled in accordance with kosher practices and therefore, under Kyles' belief system, the food was rendered unclean.

Kyles complained to Sheriff Troy Hersherberger. He indicated that there was nothing he could do. Kyles filed a grievance. In response, he was told that the kitchen would be contacted, but nothing changed. He wrote the kitchen staff about his concerns. Someone responded by indicating that they wash the utensils, but that response did not adequately address Kyles' concern. He talked with the chaplain. He explained that, after complaining, Kyles was receiving peanut butter for every meal. The chaplain said there was nothing he could do. He complained to the kitchen staff again, explaining that he was supposed to get a hot meal. Someone responded and indicated he was lucky he was getting food. Kyles refused to eat non-kosher meals and consumed only bread and water for an unspecified length of time. He lost several pounds before his transfer to the custody of the Indiana Department of Correction.

Kyles is suing Sheriff Hershberger and Trinty Food Service for refusing to provide him with a kosher diet. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "The Free Exercise Clause prohibits the state from imposing a 'substantial burden' on a 'central religious belief or practice.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *Kaufman v. McCaughtry*, 419 F.3d 678, 682-83 (7th Cir. 2005)). "A substantial burden puts substantial pressure on an adherent to modify his

behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (quotation marks and alterations omitted). But "[i]n the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman*, 733 F.3d at 696 (quoting *O'Lone v. Shabazz,* 482 U.S. 342, 349 (1987)).

Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). As with the First Amendment, "a prisoner's request . . . must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect of his religious practice has been substantially burdened. *Id.* At a later stage, the burden will shift to the defendant to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008).

Kyles has plausibly alleged that he was denied a diet that comports with his Jewish faith in violation of both the First Amendment and RLUIPA. However, Kyles is no longer at the jail, so injunctive relief is foreclosed. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). If Kyles had been housed in the Indiana Department of Correction when the alleged violations occurred, he could not proceed on a claim for damages

under RLUIPA because it does not authorize money damages against either a State or an individual. *See Sossamon v. Texas*, 563 U.S. 277, 285-88 (2011) (RLUIPA's authorization of "appropriate relief" not an unambiguous waiver of a State's Eleventh Amendment Immunity); *Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019) (RLUIPA applies to certain entities that receive federal funds, but an individual doesn't receive federal funds). However, the possibility of money damages against a municipality is not foreclosed by the Eleventh Amendment. *See Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 146 S. Ct. 1931, 1963 (2026) (Justice Jackson noting in dissent that "[a] prisoner who happens to be housed in a local rather than state jail may recover damages from the municipality[.]"); *see also Williams v. Redman*, No. 3:20-CV-196-JD-MGG, 2021 WL 1907224, at *2–3 (N.D. Ind. May 12, 2021).

At this stage of the proceedings, Kyles has alleged enough to proceed on a claim against Sheriff Hershberger in his official capacity, which is the same as suing the Allen County Sheriff's Department, *see Jaros v. v. Ill. Dep't of Corr.*, 684 F.3d 667, 673 n.2 (7th Cir. 2012), to receive money damages for being prevented from receiving a diet that comports with his religious beliefs, in violation of RLUIPA. He may also proceed against Sheriff Hershberger in his individual capacity for money damages for violating the First Amendment.

As for Trinty Food Service, a private company may be held liable for constitutional violations when it performs a state function. *See West v. Atkins*, 487 U.S. 42 (1988); *Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no

general *respondeat superior* liability under section 1983, and Trinty Food Service cannot be held liable solely because it employs the kitchen staff that prepared the meals in question. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, there is nothing in the complaint from which it can be plausibly inferred that Trinty had an official policy of violating an inmate's religious dietary restrictions. Accordingly, it will be dismissed.

For these reasons, the court:

(1) GRANTS Brandon D. Kyles leave to proceed against Sheriff Troy Hershberger in his individual capacity for monetary damages for infringing on the free exercise of plaintiff's religion by denying him access to a diet that comports with his religious believes, in violation of the First Amendment;

(2) GRANT Brandon D. Kyles leave to proceed against Sheriff Troy Hershberger in his official capacity as Sheriff of the Allen County Sheriff's Department for monetary damages for substantially burdening his religious practice by denying him a diet that comports with his religious beliefs, in violation of RLUIPA;

(3) DISMISSES all other claims;

(4) DISMISSES Trinty Food Service;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Sheriff Troy Hershberger at the Allen County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff Troy Hershberger to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 8, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT